[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS FOR DISTRIBUTIONS (Pleadings No. 167 168)
Defendant Weatherly Securities, Inc. requests that a portion of the sale proceeds be distributed to it in full payment of its lien. Defendant Union Trust Company makes a similar request. These requests are opposed by defendant Paine Webber. Paine Webber claims it has a judgment lien which is prior in right to the liens of Weatherly Securities, Inc. and Union Trust Company. Paine Webber claims that it is entitled to the balance of the sale proceeds.
Paine Webber relies on a judgment which was issued in the case of Paine, Webber, Jackson and Curtis, Inc. v. The Geoffrey J. Winters (Superior Court, J.D. of Bridgeport, Docket No. CV 84 21 85 89 S). I have reviewed the court file for the case. The file contains two separate and distinct judgment files. One records a judgment awarding Paine Webber $440,000.00. The other judgment file records an award to Geoffrey J. Winters of $440,000.18. Neither judgment file standing alone reports the final disposition of the issues which were adjudicated by the forum. One judgment with a net award to Winters of eighteen cents would have correctly reflected the final resolution of the issues. The propriety of entering two judgments is discussed in a memorandum of decision which has been filed today in the case of Paine Webber v. Winters.
I have concluded that the distribution to Paine Webber of the full amount of the award made to it in its case against Winters without offsetting the award to Winters would be extremely inequitable in this foreclosure case. Accordingly, the motion filed by Weatherly Securities, Inc. should be granted and a distribution to Weatherly Securities, Inc. should be CT Page 2734 ordered.
Paine Webber's claim for prejudgment interests should be protected. See Paine Webber, Jackson Curtis, Inc. v. Winters, 22 Conn. App. 640 (1990). This claim is the subject of Winter's petition for certification which is pending in the Supreme Court. If the clerk of this court withholds $260,000.00 from the distribution process, Paine Webber's claim for prejudgment interest will be sufficiently protected.
I cannot at this time order distribution to Weatherly Securities, Inc. because its affidavit submitted in support of its motion for distribution was not executed. Accordingly, Weatherly Securities, Inc.'s motion for distribution and Union Trust Company's motion for distribution should be reclaimed. At the time the matter is again heard, Weatherly Securities, Inc. can submit an updated and executed affidavit.
GEORGE N. THIM, JUDGE